**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| KEN VILLANO and CARIE VILLANO,  §<br>    *Plaintiffs,* § <br> § <br>v. § <br> §    C.A. NO. 5:23-cv-1142-FB-HJB <br>AMERICAN PACIFIC MORTGAGE § <br>CORPORATION d/b/a ALIGNED §    JURY DEMANDED <br>MORTGAGE, § <br>    *Defendant.* § | |

**DEFENDANT AMERICAN PACIFIC MORTGAGE CORPORATION
D/B/A ALIGNED MORTGAGE'S FIRST AMENDED ORIGINAL ANSWER
TO PLAINTIFFS' ORIGINAL PETITION**

Defendant, American Pacific Mortgage Corporation d/b/a Aligned Mortgage, files this its First Amended Original Answer to the Original Petition filed by Plaintiffs, Ken Villano and Carie Villano, and would show the Court the following.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Original Petition fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part because their employment by Defendant was at-will.

3. Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exhaust their administrative remedies.

4. Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages.

5. For any claims for punitive damages or pre-judgment interest, Defendant invokes the limitations on punitive or exemplary damages and prejudgment interest contained in the

TEXAS CIVIL PRACTICES AND REMEDIES CODE, including without limitation Sections 41.007 and 41.008 and in the Texas and United States constitutions.

6. To avoid prejudice and to expedite and economize, pursuant to Federal Rule of Civil Procedure 42(b), Defendant requests a separate trial on Plaintiffs' claim for punitive damages.

## MOTION TO COMPEL ARBITRATION

Plaintiff, Kenneth Villano, has signed a Mutual Voluntary Agreement for Individual Arbitration ("Arbitration Agreement") with Defendant. In his Arbitration Agreement, Plaintiff, Kenneth Villano, "voluntarily agree[d] to resolve by binding arbitration all disputes, claims, causes of action, lawsuits, proceedings, and/or controversies ("Claims"), past, present, or future, relating to or arising out of Your employment relationship with the Company." The claims by Plaintiff, Kenneth Villano, in this lawsuit relate to or arise out of his employment relationship with Defendant and are subject to compulsory arbitration. Consequently, Defendant requests the Court to (1) dismiss the claims of Plaintiff, Kenneth Villano, with prejudice or abate this case and (2) compel Plaintiff, Kenneth Villano, to submit his claims to binding arbitration per the terms of his Arbitration Agreement.

## ANSWER TO PLAINTIFFS' ALLEGATIONS

Defendant answers the individually numbered paragraphs of Plaintiffs' Original Petition as follows:

### I.   DISCOVERY

1. The allegations contained in Paragraph 1 of Plaintiffs' Original Petition no longer apply after removal to federal court, so no answer is required.

## II. PARTIES

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Original Petition.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Original Petition.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Original Petition.

## III. JURISDICTION & VENUE

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' Original Petition.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Original Petition.

7. Concerning the allegations contained in Paragraph 7 of Plaintiffs' Original Petition, Defendant admits that venue is proper in this court.

## IV. FACTS

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Original Petition.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Original Petition.

10. Defendant admits that Plaintiffs incurred no formal disciplinary history while at APM. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiffs' Original Petition.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Original Petition.

-4-

    12.    Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Original Petition.

    13.    Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Original Petition.

    14.    Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Original Petition.

    15.    Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Original Petition.

    16.    Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Original Petition.

    17.    Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Original Petition.

    18.    Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Original Petition.

    19.    Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Original Petition.

    20.    Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Original Petition.

    21.    Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Original Petition.

    22.    Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Original Petition.

-5-

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Original Petition.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Original Petition.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Original Petition.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Original Petition.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Original Petition.

28. Defendant admits that Plaintiffs were laid off in a reduction in force effective December 10, 2021. Defendant denies the remaining allegations contained in Paragraph 28 of Plaintiffs' Original Petition.

29. Defendant admits that Plaintiffs incurred no formal disciplinary action. Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiffs' Original Petition.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Original Petition.

31. Defendant admits that Plaintiffs filed charges of discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission. Defendant denies the remaining allegations contained in Paragraph 31 of Plaintiffs' Original Petition.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Original Petition.

## V. <u>CAUSES OF ACTION</u>

**Count One:  Unlawful Retaliation by Defendant Against Mr. Villano in Violation of Chapter 21 of the Texas Labor Code.**

33. Defendant incorporates all preceding paragraphs as if set forth verbatim herein.

34. Defendant admits the allegations contained in Paragraph 34 of Plaintiffs' Original Petition.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Original Petition.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Original Petition.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Original Petition.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Original Petition.

**Count Two:  Unlawful Retaliation by Defendant Against Mrs. Villano in Violation of Chapter 21 of the Texas Labor Code.**

39. Defendant incorporates all preceding paragraphs as if set forth verbatim herein.

40. Defendant admits the allegations contained in Paragraph 40 of Plaintiffs' Original Petition.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Original Petition.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Original Petition.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Original Petition.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Original Petition.

## VI. DAMAGES

45. Defendant incorporates the preceding paragraphs as if sort forth verbatim herein.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Original Petition.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Original Petition.

48. Defendant admits that TEX. R. CIV. P. 47(c) sets forth the categories of monetary relief for suits not governed by the Family Code, but denies that the Texas Rules of Civil Procedure apply to this proceeding. Defendant further admits that Plaintiffs are seeking monetary relief over $1,000,000 as well as nonmonetary relief as alleged in Paragraph 48 of Plaintiffs' Original Petition. However, Defendant denies that Plaintiffs are entitled to any monetary relief or other relief as a result of their claims. Defendant denies the remaining allegations contained in Paragraph 48 of Plaintiffs' Original Petition.

## VII. ATTORNEYS' FEES

49. Defendant incorporates the preceding paragraphs as if set forth verbatim herein.

50. Defendant admits that Section 21.259 of the Texas Labor Code addresses the matter of attorney's fees as alleged in Paragraph 50 of Plaintiffs' Original Petition. However, Defendant denies that Plaintiffs are entitled to recover attorneys' fees or expert fees in connection with their claims. Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiffs' Original Petition.

## VIII. JURY DEMAND

51. Defendant admits that Plaintiffs' have demanded a trial by jury.

52. Defendant denies that Plaintiffs are entitled to any relief whatsoever as requested in the paragraph beginning "WHEREFORE, PREMISES CONSIDERED" contained in Plaintiffs' Original Petition and specifically denies the claims for recovery or relief contained in subparagraphs (a) through (g).

## IX. PRAYER FOR RELIEF

WHEREFORE, Defendant, American Pacific Mortgage Corporation d/b/a Aligned Mortgage, prays that all of Plaintiffs' claims and causes of against Defendant be denied, that this case be dismissed in its entirety, with all costs assessed against Plaintiffs, and for all other relief to which it may be justly entitled.

## COUNTER-CLAIM FOR ATTORNEYS' FEES

1. Defendant, American Pacific Mortgage Corporation d/b/a Aligned Mortgage, as Counter-claimant requests an award of its reasonable attorneys' fees incurred in this matter as part of the costs, pursuant to V.T.C.A., Labor Code Section 21.259, and in support thereof would show the following.

2. Under V.T.C.A., Labor Code Section 21.259(a), this Court may award Defendant, as a prevailing employer, its reasonable attorney's fees as part of the costs if Plaintiffs' claims are "frivolous, meritless, or unreasonable, or the plaintiff continued to litigate after it became clear that his claim was frivolous." Here, Plaintiffs claims are frivolous, meritless, and unreasonable. Consequently, upon such a showing, the Court should award Defendant/Counter-claimant its reasonable attorneys' fees in defending against the claims brought by Plaintiffs Kenneth and Carie Villano.

## PRAYER

Defendant/ Counter-claimant prays the Court make a determination that the claims asserted by Plaintiffs Kenneth and Carie Villano are frivolous, meritless, or unreasonable and that the Court

further award as costs to Defendant/Counter-claimant the reasonable attorneys' fees incurred by Defendant/Counter-claimant in defending against Plaintiffs' claims. Defendant/Counter-claimant further prays the Court to impose upon Plaintiffs joint and several liability for Defendant/Counter-claimant's attorneys' fees.  Defendant/Counter-claimant prays for such other further relief to which it may be entitled in the premises.

                Respectfully submitted,

                */s/ Kenneth H. Holt*
                Kenneth H. Holt
                Texas Bar No. 00793012
                FERGUSON BRASWELL FRASER KUBASTA PC
                3200 Southwest Freeway, Suite 3200
                Houston, Texas  77027
                Telephone:  713-403-4200
                Facsimile:  713-403-4201
                Email:  kholt@fbfk.law

                ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

       I hereby certify that on January 8, 2024, a true and correct copy of the foregoing document was delivered to the following attorneys of record via the Court's CM/ECF filing system which will send copies of same to the following:

Austin Kaplan
akaplan@kaplanlawatxcom
Trenton Lacy
tlacy@kaplanlawatx.com
KAPLAN LAW FIRM, PLLC
3901 S. Lamar Blvd., Suite 260
Austin, Texas 78705
*Attorneys for Plaintiffs*

                                           */s/ Kenneth H. Holt*
                                           Kenneth H. Holt